UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN SCANLON : | |
| 18 Yarrow Way : | |
| Langhorne, PA 19047 : | NO. |
|         Plaintiff : | |
| : | |
| v. : | |
| : | |
| JEANES HOSPITAL : | |
| a/k/a TEMPLE UNIVERSITY : | |
| HEALTH SYSTEM : | |
| 7600 Central Avenue : | |
| Philadelphia, PA 19111 : | |
|         Defendant : | |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This action seeks declaratory, injunctive and equitable relief; liquidated and compensatory damages, and costs and attorney's fees for age discrimination.

**JURISDICTION**

2. This action arises under the Age Discrimination in Employment Act of 1967, 29 USC § 621 et seq. the Fair Labor Standards Act, 29 USC § 216; the Employee Retirement Income Security Act, 29 USC § 1001-1461; Pennsylvania Human Relations Act; Pennsylvania Wage Payment & Collection Law; and, the common law of the Commonwealth of Pennsylvania.

3. Jurisdiction over the federal claims is invoked pursuant to 28 USC § 1343, 1331 and 29 USC §§ 216(b), 626(c)(1), 1140, and over the state law claims pursuant to the doctrine of supplemental jurisdiction.

4. Charges against Defendant alleging age discrimination were timely filed with the Equal Employment Opportunity Commission and the Pennsylvania Department of Human

1

Relations.

5. Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC §§ 2201, 2202; 29 USC §§ 216(b), 626(b), 1140.

6. Liquidated damages are sought pursuant to 29 USC § 626(b), and compensatory damages are available under the supplemental state claim.

7. Costs and attorney's fees may be awarded pursuant to 29 USC §§ 216 and 1132(g), and Federal Rule of Civil Procedure 54.

## VENUE

8. This action properly lies in the Eastern District of Pennsylvania, Civil Division, pursuant to 28 USC §§ 1391(c), 29 USC 1132(e), because the Defendants and Plaintiff reside in Eastern Pennsylvania and Defendant Employer conducts business, has significant contacts in Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

## PARTIES

9. Plaintiff is a citizen and resident of the United States and Langhorne, Pennsylvania and is 63 years old and was a Registered Nurse employed by Defendant, Jeanes Hospital, at the time she was terminated.

10. Defendant, Jeanes Hospital, is an employer, engages in an industry affecting commerce, and employs more than twenty-five (25) regular employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year. Additionally, said Defendant at all times pertinent hereto, was the employer of Plaintiff.

## COUNT I - AGE DISCRIMINATION

11.  Plaintiff hereby incorporates by reference paragraphs 1 through 10 of this Complaint as though same were fully set forth at length herein.

12.  In May of 1975, Plaintiff was hired Defendant Employer.  For the last twenty years of Plaintiff's employment with Defendant, she held the position of Registered Nurse.

13.  During that time Plaintiff's job performance always met or exceeded her Employer's expectations.

14.  On January 5, 2005, Plaintiff was terminated from her employment at a Registered Nurse. At the time of her termination, she was the most senior employee in her job classification.

15.  At the time of Plaintiff's termination, she was owed a substantial amount of compensation that had already been earned.  Defendant refused to tender Plaintiff's earned compensation on the next regularly scheduled pay day, and has continued to refuse to tender Plaintiff's earned compensation.

16.  At the time of her termination, Plaintiff was falsely accused of misconduct and violating hospital policies regarding a patient.

17.  Prior to Plaintiff's termination, she had never been accused of misconduct toward a patient or of violating hospital policies when treating patients.

18.  After Plaintiff's termination, she was replaced by a substantially younger employee.

19.  Upon information and belief, Defendant bears a substantial expense for employees who have reached the special plateau of its retirement benefits plan.

20.  Defendant knew, either actually or constructively, that Plaintiff's discharge would be communicated to prospective employers and would be severely damaging to her ability to secure

comparable employment.

21. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from her treatment by Defendant unless Defendant is enjoined by this Court.

22. The termination of Plaintiff by Defendant, Jeanes Hospital, was because of Plaintiff's age, in violation of 29 U.S.C. § 623(a) (1) *et. seq.* and, therefore, entitles Plaintiff to relief.

23. The termination of Plaintiff's employment by the Defendant, Jeanes Hospital, constitutes a willful violation of 29 U.S.C. § 623 and, as such, entitles the Plaintiff to recover liquidated damages.

24. At the time of her discharge, Plaintiff earned annual compensation in an amount of $66,700.00 and received benefits from Defendant Employer consisting of medical insurance, life insurance, dental insurance, pension plan and retirement benefits.

## COUNT II - ERISA

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though same were fully set forth at length herein.

26. Defendant's actions in terminating Plaintiff's employment constitute violations of the Employment Retirement Income Security Act.

## COUNT III - STATE LAW CLAIMS

27. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as though same were fully set forth at length herein.

28. Defendant have at all times material to the foregoing claims acted wilfully and with malice toward Plaintiff. The Defendant knew, or reasonably should have known, that the

aforementioned conduct was in violation of Defendant Employer's handbook and the laws of Pennsylvania and the United States.  The Defendant knew, or reasonably should have known, that Plaintiff was subject to discrimination; yet, Defendant took no action to cease their wrongful conduct and, in fact, committed further acts designed to cover up the patent discrimination against Plaintiff because of his age.  Accordingly, Plaintiff is entitled to compensatory damages.

29. Defendant's aforementioned actions are in violation of the Pennsylvania Human Relations Act.

30. Defendant's aforementioned actions are in violation of the Pennsylvania Wage Payment and Collection Law.

## JURY TRAIL

Plaintiff demands a jury trial of twelve jurors.

**WHEREFORE**, Plaintiff, Susan Scanlon, respectfully requests that this honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendant back pay with interest, front pay, compensatory damages, liquidated damages and such other monetary relief the Court deems just;

b. That Plaintiff recover from Defendant her costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law; and

c. That the Court grant such other relief, including equitable and injunctive relief, as it deems just and proper.

_____
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney for Plaintiff
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477

Date:_____

6