UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN SCANLON, : | |
| Plaintiff, : | |
| : | No. 06-02424 |
| v. : | |
| : | (JUDGE SHAPIRO) |
| JEANES HOSPITAL aka TEMPLE UNIVERSITY : | |
| HEALTH SYSTEMS, : | [ELECTRONICALLY FILED] |
| Defendant. : | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND/OR EVIDENCE REGARDING JEANES' FAIR TREATMENT POLICY AND PLAINTIFF SUSAN SCANLON'S INITIATION OF THE SAME – MOTION *IN LIMINE* # 3**

Defendants, Jeanes Hospital ("Jeanes") aka Temple University Health System ("TUHS"), submit this Brief in Support of their concurrently filed Motion *in Limine* # 3.

**STATEMENT OF THE QUESTION INVOLVED**

Whether Jeanes Hospital's Fair Treatment Policy and Scanlon's initiation and attempt to utilize the same after she was terminated should be excluded?

**Suggested Answer:  Yes.**

**ARGUMENT**

*Jeanes Hospital's Fair Treatment Policy and Scanlon's initiation and attempt to utilize the same after she was terminated should be excluded.*

In Plaintiff Susan Scanlon's ("Scanlon") response to Jeanes' motion for summary judgment, Scanlon raised a common law claim for wrongful discharge.  In support thereof, Scanlon stated:

> Plaintiff maintains a claim for wrongful discharge because Defendant failed to adhere to the Fair Hearing Treatment policy.  Under this policy, Defendant entitles Plaintiff to receive a fair hearing to address the lack of evidence or credibility of the adverse decision to terminate her.

(Scanlon Brief, p. 51).

1

During oral argument on Jeanes motion for summary judgment in this matter, Scanlon withdrew her wrongful discharge claim. Thus, Scanlon should be precluded from introducing into evidence any testimony or evidence regarding Jeanes' Fair Treatment policy as well as her initiation of the policy or the outcome of the same. The Fair Treatment policy and any discussion regarding the same does not have anything to do with her remaining age discrimination claims or claims for unpaid wages under the Pennsylvania wage Payment and Collection Law.

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Therefore, in order for evidence to be relevant for the purposes of admissibility, the evidence must have a "tendency to prove a consequential fact." *Blanch v. Raymark Indus.,* 972 F.2d 507, 514 (3d Cir. 1992). Any evidence that fails to satisfy this test is inadmissible. Fed. R. Evid. 402. Moreover, even where evidence is deemed relevant, it may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" Fed. R. Evid. 403. Thus, all relevant evidence is not necessarily admissible.

Evidence and testimony of Jeanes' Fair Treatment Policy and Scanlon's use of the same is no longer even arguably relevant to the remaining issues at trial since her wrongful discharge claim was withdrawn. Therefore such testimony is inadmissible. Fed. R. Evid. 401, 402. Any testimony or the introduction of exhibits including the Policy, the form completed by Scanlon or letters in response from Jeanes regarding the Fair Treatment Policy is further irrelevant because

SL1 730509v1/027230.00005

y

it does not impact the likelihood of whether Jeanes discriminated against Scanlon because of her age. Fed. R. Evid. 401.

There is no longer any connection between the issues regarding the Fair Treatment Policy and Scanlon's initiation of the same and whether Jeanes terminated Scanlon because of her age nor does Scanlon allege such a connection. Rather Scanlon attempted to introduce such evidence and testimony regarding the Fair Treatment Policy in support of her now withdrawn wrongful discharge claim. As this claim is withdrawn, the introduction of such information is irrelevant to the issue at bar and thus inadmissible under Fed. R. Evid. 401 and 402.

Additionally, even if the Fair Treatment Policy and Scanlon's initiation of the policy was even slightly relevant, the same should be precluded from trial because of the likelihood it will cause unfair prejudice, confusion of the issues, and mislead the jury. Fed. R. Evid. 403. "[T]here is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value must be 'substantially outweighed' by the problems in admitting it." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343-44 (3d Cir. 2002) (discussing Advisory Committee Note, Fed. R. Evid. 403). The introduction of such testimony or evidence could require Jeanes to litigate the policy, whether Scanlon followed the policy, whether Jeanes correctly applied the policy and what would have happened had Scanlon correctly followed the policy. Such testimony and evidence will waste precious judicial resources and waste this Court's, the parties' and the jury's time and deflect from the real issues of this trial – whether there was discriminatory animus on the part of the decisionmakers – Haviland, Welsh and Frasca.

Thus, under Rule 403, any testimony and/or evidence regarding the Fair Treatment Policy would confuse the jury and delay trial. *In re Paoli R.R. Yard PCB Litigation*, 113 F.3d 444, 453

(3d Cir. 1997). The slight probative value, if any, is substantially outweighed by the danger of confusion and misleading the jury. This evidence would lead the jury into the side issue of an analysis of the Fair Treatment Policy and whether Scanlon and Jeanes correctly followed and applied the Policy. Moreover, it is also a backdoor way for Scanlon to get her wrongful discharge claim back in front of the jury even though she had withdrawn the same. Therefore, the Court should exclude all evidence and testimony regarding Jeanes' Fair Treatment Policy and Scanlon's initiation and use of the same.

**CONCLUSION**

For the foregoing reasons, Jeanes respectfully requests that the Court grant its Motion in Limine and preclude Scanlon, her counsel and/or any witnesses from referencing and/or introducing into evidence Jeanes' Fair Treatment Policy and Scanlon's initiation of the same.

STEVENS & LEE

By:  /s/ Larry J. Rappoport
     Larry J. Rappoport, Esquire
     Attorney I.D. No. 26922
     Theresa M. Zechman, Esquire
     Attorney I.D. No. 85878
     620 Freedom Business Center, Suite 600
     PO Box 62330
     King of Prussia, PA 19406
     (610) 205-6039

Dated: June 15, 2007                Attorneys for Defendants

SL1 730509v1/027230.00005