## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN SCANLON** | : | |
| **Plaintiff** | : | **NO. 06-2424** |
| | : | |
| **v.** | : | |
| | : | |
| **JEANES HOSPITAL** | : | |
| **a/k/a TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM** | : | |
| **Defendant** | : | |
| | : | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

  W.J.F. 2565
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney for Plaintiff
1417 Locust Street, 4th Floor
Philadelphia, PA 19102
(215) 546-2477

1

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**

**1.1 Preliminary Instructions-Introduction; Role of Jury**

**Model**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take any thing I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree or not.

2

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

**1.2 Preliminary Instructions-Description of Case; Summary of Applicable Law**

**Model**

In this case, Plaintiff, Susan Scanlon, claims that she was terminated because of her age in violation of the **Age Discrimination In Employment Act; Defendant, Jeanes Hospital/Temple University Health System, denies those claims.  In addition, Plaintiff claims that Defendant failed to pay her wages after she was terminated which is a violation of the Pennsylvania Wage Payment and Collection Law. Defendant also denies those claims.**  I will give detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 3**

**1.3 Preliminary Instructions - Conduct of Jury**

**Model**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way].

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon evidence presented at trial.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

[Finally, if any member of this jury has a friend or family member who is in attendance at

4

this public trial, that visitor must first register with my Clerk because special rules will govern

their attendance.  You may not discuss any aspect of this trial with the visitor, nor may you

permit the visitor to discuss it with you.]

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4**

**1.4 Preliminary Instructions- Bench Conference**

**Model**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you.  These conferences are necessary for to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

**1.5 Preliminary Instructions- Evidence**

**Model**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated–that is, formally agreed to by the parties; and

[4. Any facts that are judicially noticed – that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence :

1. Statements, arguments and questions of the lawyers for the parties in this case;

2. Objections by lawyers

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicious, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a

7

question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.  You should not be influenced by the fact that an objection is made.  Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

There are two types of evidence that you may use in reaching your verdict.  One type of evidence is called "direct evidence."  An example of direct evidence" is when a witness testifies about something that the witness knows through his own senses- something the witness has seen, felt touched or heard or did.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.  Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  " Circumstantial evidence" is proof of one or more facts from which you could find another fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that

would be circumstantial evidence from which could conclude that it was raining.

You should consider both kinds of evidence that are presented to you.  The law makes no distinction in the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 6**

**1.7  Preliminary Instructions- Credibility of Witnesses**

**Model**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses. "Credibility means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

[The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses and how much weight you think their testimony deserves.]

10

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

**1.10 Preliminary Instructions - Preponderance of the Evidence**

**Model**

This is a civil case. Plaintiff, Susan Scanlon, is the party who brought this lawsuit.

Defendant, Jeanes Hospital/Temple University Health System, is the party against which the

lawsuit was filed.  Plaintiff has the burden of proving her case by what is called the

preponderance of the evidence, that what she claims is more likely so than not so.  To say it

differently: if you were to put the evidence favorable to plaintiff and evidence favorable to

defendant on opposite sides of the scales, plaintiff would have to make the scales tip somewhat

on her side.  If plaintiff fails to meet this burden, the verdict must be for defendant. If you find

after considering all the evidence that a claim or fact is more likely so than not so, then the claim

or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the

case. You may, unless otherwise instructed, consider the testimony of all witnesses, regardless of

who may have called them, and all exhibits received in evidence, regardless of who may have

produced them.

You may have heard of the term " proof beyond a reasonable doubt."  That is a stricter

standard of proof and it applies to criminal cases.  It does not apply in civil cases such as this.  So

you should put it out of your mind.

11

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**

**1.12 Preliminary Instructions- Description of Trial Proceedings**

**Model**

The trial will proceed in the following manner:

First, attorney for plaintiff will make an opening statement to you.  Next, attorney  for defendant may make an opening statement.  What is said in the opening statement is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. [A party is not required to make an opening statement.]

After [Before] the attorneys have made their opening statements, [I will instruct you on the applicable law and] then each party is given an opportunity to present its evidence.

Plaintiff goes first because plaintiff has the burden of proof. Plaintiff will present witnesses whom counsel for defendant(s) may cross-examine, and plaintiff(s) may also present evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions.  As with opening statements, closing arguments are not evidence. [Once the closing arguments are completed, I will instruct you on the law.]  After that you will retire to the jury room to deliberate on your verdict in this case.

[ At this point the court may wish to inform the jury of the scheduling and length of the trial and other logistical information.]

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9**

**2.2 General Instructions For Use During Trial -Judicial Notice**

**Model**

The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice.  I have decide to accept as proved the fact that [state the fact that the court has judially noticed], even though no evidence has been introduced to prove this fact. You must accept this fact as true for purposes of this case.

13

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10**

**2.4 General Instruction For Use During Trial- Stipulation of Fact**

**Model**

The[ parties] have agreed that [set forth stipulated fact or facts] [is/are] true. [The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial.] You must therefore treat [this fact] [these facts] as having been proved for the purposes of this case.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11**

**2.5 General Instructions For During Trial- Use of Deposition**

**Model**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath and swears to tell truth, and lawyers for each party may ask questions.  A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video] [ by reading the transcript].  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12**

**2.6 General Instructions For Use During Trial- Use of Interrogatories**

**Model**

You will now hear [have heard] answers that [name of party ] gave in response to written questions submitted by the other side.  The written questions are called " interrogatories."  The written answers were given in writing and under oath, before the trial.

You must consider [name of party]' s answers to interrogatories in the same manner as if the answers were made from the witness stand.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**3

**2.7 General Instructions For Use During Trial-Charts and Summaries in Evidence Model**

[Name of party] has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 14**

**2.8 General Instructions For Use During Trial- Charts and Summaries Not**

**Admitted in Evidence**

**Model**

Certain charts and summaries that have not been received in evidence have been shown to

you in order to help explain or illustrate the contents of books, records, documents, testimony, or

other evidence in the case. [Describe the charts and summaries that have not been admitted.]

These charts and summaries are not themselves proof of any facts.  They are not binding on you

in any way.  If they do not correctly reflect the facts shown by the evidence in the case, you

should disregard these charts and summaries and determine the facts from the evidence.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 15**

**2.9   General Instructions For Use During Trial- Striking Evidence**

**Model**

I have ordered that [describe the evidence] be struck from the record and I am instructing

you that you must disregard that information [testimony].  That means when you are deciding the

case, you must not consider that information [testimony] in any way.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16**

    **2.10 General Instructions For Use During Trial- Evidence Admitted for a Limited Purpose**

    **Model**

    You [have heard] [will now hear] evidence that was received for [a] particular limited purpose[s]. [This evidence can be considered by you as evidence that (describe limited purpose)]. It may not be used for any other purpose. [For example, you cannot use it as proof that (discuss specific prohibited purpose)].

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 17**

### 2.14 General Instruction For Use During Trial- Recess Admonition

### Model

We are about to take [our first] [a] recess [and I remind you of the instruction I gave earlier]. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately. [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet]. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed not to [ identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occassion.]

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 18**

**3.1 General Instructions For Use At End of Trial- Deliberations**

**Model**

When you retire to the jury room to deliberate, you may take with you the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views

and to change your opinion based upon the evidence.  But you should not give up your honest

convictions about the evidence just because of the opinions of your fellow jurors.  Nor should

you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each

other about the case.  If you have any questions or messages for me, you must write them down

on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer

will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about

what you have asked, so it may take time to get back to you.

One more thing about messages.  Never write down or tell anyone how you stand on your

votes.  For example, do not write down or tell anyone that a certain number is voting one way or

another.  Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror.  In order for you as

jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to

answer.  You will take this form to the jury room and when you have reached unanimous

agreement as to your verdict, you will fill it in, and have your foreperson will give your verdict.

Unless I direct you otherwise , do not reveal your answers until you are discharged.  After you

have reached a verdict, you are not required to talk with anyone about the case unless I order you

to do so.

Once again, I want to remind you that nothing about my instructions and nothing about

the form of verdict is intended to suggest or convey in any way or manner what I think your

verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19**

**3.2 General Instructions For Use At of Trial- Number of Witnesses**

**Model**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were and how much weight you think their testimony deserves.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 20**

**8.1.2 Elements of ADEA Claim-Disparate Treatment-Pretext**

**Model**

In this case plaintiff is alleging that she was terminated because of her age.  In order for

plaintiff to recover on this discrimination claim against defendant, plaintiff must prove that

defendant intentionally discriminated against plaintiff.  This means that plaintiff must prove that

her age was a determinative factor in defendant's decision to terminate plaintiff.

To prevail on this claim plaintiff must prove both of the following by a preponderance of

the evidence:

First: Defendant terminated plaintiff; and

Second: Plaintiff's age was a determinative factor in defendant's decision.

Although Plaintiff must prove that defendant acted with the intent to discriminate,

plaintiff is not required to prove that defendant acted with the particular intent to violate

plaintiff's federal civil rights **under the Age Discrimination in Employment Act**.  Moreover,

plaintiff is not required to produce direct evidence of intent, such as a statement admitting

discrimination.  Intentional discrimination may be inferred from the existence of other facts.

Defendant has given a nondiscriminatory reason for its actions, **accusing Plaintiff of**

**abandoning and neglecting a patient in violation of Defendant's policies**.  If you disbelieve

defendant's explanations for its conduct, then you may, but need not, find that plaintiff has

proved intentional discrimination.  In determining whether defendant's stated reason for its

actions was a pretext, or excuse, for discrimination, you may not question defendant's business

judgment.  You cannot find intentional discrimination simply because you disagree with the

business judgment of defendant or believe it is harsh or unreasonable.  You are not to consider

defendant's wisdom.  However, you may consider whether defendant's reason is merely a cover-

up for discrimination.

[**For use where plaintiff claims replacement by a younger employee:**

In this case plaintiff is claiming that she was replaced by a younger employee, _____

_____.  It is not necessary for plaintiff's replacement to be under 40 years of

age.  The question is whether the replacement employee is substantially younger than plaintiff.

**Concluding instruction:**

[**omitted**]

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21**

**PHRC DAMAGES-General Compensatory Damages (Use Title VII Model)**

**5.4.1   Title VII Damages — Compensatory Damages — General Instruction (To Be Used As Charge For Plaintiff's Right To Compensatory Damages Under the Pennsylvania Human Relations Act.)**

**Model**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendant should be held liable.

If you find by a preponderance of the evidence that defendant intentionally discriminated against plaintiff **by terminating Plaintiff from her employment because of her age**, then you must consider the issue of compensatory damages.  You must award plaintiff an amount that will fairly compensate her for any injury she actually sustained as a result of defendant's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put plaintiff  in the  position she would have occupied if the discrimination had not occurred. Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff must show that the injury would not have occurred without defendant's act or omission.  Plaintiff must also show that defendant's act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's act or omission. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether defendant's

27

actions or omissions were motivated by discrimination. In other words, even assuming that

defendant's actions or omissions were motivated by discrimination, plaintiff is not entitled to

damages for an injury unless defendant's discriminatory actions or omissions actually played a

substantial part in bringing about that injury.

There can be more than one cause of an injury.  To find that defendant's act or omission

caused plaintiff's injury, you need not find that defendant's act or omission was the nearest cause,

either in time or space. However, if plaintiff's injury was caused by a later, independent event that

intervened between defendant's act or omission and plaintiff's injury, defendant is not liable

unless the injury was reasonably foreseeable by defendant.

In determining the amount of any damages that you decide to award, you should be guided

by common sense. You must use sound judgment in fixing an award of damages, drawing

reasonable inferences from the facts in evidence. You may not award damages based on

sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience,  mental anguish, or loss

of enjoyment of life  that plaintiff experienced as a consequence of defendant's allegedly unlawful

act or omission. No evidence of the monetary value of such intangible things as pain and suffering

has been, or need be, introduced into evidence. There is no exact standard for fixing the

compensation to be awarded for these elements of damage. Any award you make should be fair in

light of the evidence presented at the trial.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 22**

**8.4.2 ADEA Damages- Back Pay**

**Model**

If you find that defendant intentionally discriminated against plaintiff in terminating her

from her employment, then you must determine the amount damages that defendant's

actions have caused plaintiff. Plaintiff has the burden of proving damages by a preponderance of

the evidence.

You must award as actual damages an amount that reasonable compensates plaintiff for

any lost wages and benefits, taking into consideration any increases I salary and benefits,

including pension, that plaintiff would have received from defendant had plaintiff not been the

subject of defendant's intentional discrimination

Back pay damages, if any, apply from the time plaintiff was terminated, January 5, 2005,

until the date of your verdict.


***However, please note that should not deduct social security benefits, unemployment

compensation and pension benefits from an award of back pay.***


[ You are further instructed that [plaintiff] has a duty to mitigate [his/her] damages– that is

[plaintiff] is required to make reasonable efforts under the circumstances to reduce [his/her]

damages.  It is [defendant's] burden to prove that [plaintiff] has failed to mitigate.  So if

 [defendant] persuades you, by a preponderance of the evidence, that [plaintiff] failed to obtain

substantially equivalent job opportunities that were reasonably available to [him/her], you must reduce the award of damages by the amount of the wages that [plaintiff] reasonably would have earned if [if/she] had obtained those opportunities.]

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 23**

**8.4.3 ADEA Damages - Liquidated Damages**

**Model**

If you find that plaintiff is entitled to recover damages for lost wages or benefits, you must determine if defendant's conduct was willful. If you find that defendant willfully violated the law then you must award plaintiff double the amount of damages for lost wages and benefits that you have found. Plaintiff has the burden of proving willfulness by a preponderance of the evidence.

You must find defendant's violation of the ADEA to be willful if defendant knew or showed reckless disregard for whether the challenged action was prohibited by the law. To establish willfulness it is not enough to show that defendant acted negligently. If you find that defendant did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then defendant's conduct was not willful and you cannot award double the amount of damages for lost wages and benefits.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 24**

**8.4.4 ADEA Damages-Front Pay**

**Model**

You may determine and award separately a monetary amount equal to the present value of any future wages and benefits that plaintiff would reasonably have earned from defendant had plaintiff not terminated plaintiff because of her age for the period from the date of your verdict through a reasonable period of time in the future.  From this figure you must subtract the amount of earnings and benefits plaintiff will receive from other employment during that time. Plaintiff has the burden of proving these damages by a preponderance of the evidence.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 25**

**WAGE PAYMENT AND COLLECTION LAW**

Under the Pennsylvania Wage Payment and Collection Law wages are defined as:

"all earnings of an employee, regardless of whether determined on time, task, piece, commission, or other method of calculation. The term wages also includes fringe benefits or wage supplements whether payable by the employer from his funds or from amounts withheld from the employee's pay by the employer."

**43 P.S. § 260.2a**

Under the Pennsylvania Wage Payment and Collection Law employees who are terminated from their employment are entitled to receive all accrued wages up until the date of termination.

The law specifically states:

"Whenever an employer separates en employee from the payroll, or whenever an employee quits or resigns [her] employment, the wages or compensation earned shall become due and payable not later than the next regular payday of [her] employer on which such wages would otherwise be due and payable."

**43 P.S. § 260.5(a)**

At the time of Plaintiff's termination, January 5, 2005, Plaintiff claims she was due wages in the amount of $7,973.95. If you find that Plaintiff had in fact earned wages prior to her termination in this amount, you may award Plaintiff damages under the Wage Payment and Collection Claim in this amount, plus interest, to be calculated by the Court, from January 5, 2005 up until the present.

Also, under the Pennsylvania Wage Payment and Collection Law, when more than thirty

days has passed beyond the time when wages should have been paid, which you can accept as being true with regard to plaintiff in this case, you may award the Plaintiff liquidated damages in the amount of 25% of the total amount of wages due which equals $1,993.49.  However, if you find that the defendant has a good faith contest of Plaintiff's wage claim, you cannot award liquidated damages under the Wage Payment and Collection Law.

 **43 P.S.§ 260.10**