**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN SCANLON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JEANES HOSPITAL, a/k/a TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM | : | NO. 06-2424 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

NORMA L. SHAPIRO, S.J.                                                                    OCTOBER 10, 2007

Plaintiff Susan Scanlon brought suit against defendant Jeanes Hospital alleging damages arising under (1) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (the "ADEA"); (2) the Pennsylvania Human Relations Act (the "PHRA"), 43 P.S. § 951 et seq.; and (3) the Pennsylvania Wage Payment and Collection Law (the "PWPCL"), 43 P.S. §260.1 et seq., in connection with her termination from Jeanes Hospital. The court severed the claims and held a jury trial solely for purposes of determining liability and damages under the ADEA. On October 1, 2007, the jury returned a verdict awarding damages for front and back pay to Ms. Scanlon for age discrimination in violation of the ADEA. *See* Appendix I.

At a post-trial hearing on October 1, 2007, plaintiff withdrew the PWPCL claim[1] and the parties agreed that the court should decide compensatory damages under the PHRA non-jury. Plaintiff alleges compensatory damages arising out of pain and suffering in connection with her termination.

In accordance with Fed. R. Civ. P. 52(a), below are the court's findings of fact and

---

[1] The subject of this claim, denial of vacation and holiday pay for alleged gross misconduct, was concededly already included in the jury damages award.

conclusions of law.

## I. Findings of Fact

For the twenty-year period preceding January 1, 2005, plaintiff Susan Scanlon was employed as a registered nurse at defendant Jeanes Hospital. She was also employed by defendant in other capacities before completing her nursing degree; her total time of employment at Jeanes was approximately thirty-seven years. At the time of her termination, Ms. Scanlon was sixty-one years old.

On January 1, 2005, a patient under Ms. Scanlon's care suffered a miscarriage. Following the miscarriage, Ms. Scanlon's OB-tech[2] submitted a formal written complaint alleging that Ms. Scanlon had mistreated the patient. In response to this complaint Jeanes Hospital terminated plaintiff's employment for gross misconduct. Prior to January 1, 2005, Ms. Scanlon had never been subject to any written discipline. The jury could reasonably have found that the reasons for Ms. Scanlon's termination were pretextual in determining liability for age discrimination under the ADEA and awarding front and back pay. *See* Appendix I. The parties agree the jury verdict entitles Ms. Scanlon to an award of compensatory damages for pain and suffering under the PHRA.

Ms. Scanlon's termination occurred in the early hours of January 5, 2005. She arrived at work at 7:00 AM as scheduled, but was met by a member of hospital management shortly thereafter. She was instructed to clean out her locker and proceed to the office of the nurse manager; she had to put on her overcoat and walk past her co-workers with all her belongings and found this humiliating. Upon reaching the nurse manager's office, Ms. Scanlon was

---

[2]An OB-tech is essentially a nurse's assistant and is responsible for various nurse-support functions in the maternity ward.

presented with a termination notice. The notice provided few factual details surrounding the alleged events of January 1, 2005, but did state that Ms. Scanlon had not adhered to the hospital's Standards of Practice, Customer Service Expectations or Service Excellence Standards. The nurse manager asked Ms. Scanlon to respond to the allegations, but dismissed her explanation of the events as insufficient to warrant continued employment at the hospital. Although Ms. Scanlon had been summoned on January 3, 2005, for allegedly bickering with another nurse during the same January 1 shift, there was then no mention of the incident for which Ms. Scanlon was terminated.

Plaintiff was not interviewed prior to the preparation of the termination notice, nor was she informed she was subject to disciplinary measures for her treatment of the patient before the meeting of January 5. The hospital failed to adhere to its own administrative policy which allowed Ms. Scanlon to be represented and to contest the allegations. Furthermore, the testimony showed the hospital's stated reasons for Ms. Scanlon's dismissal were based solely upon incredible facts alleged by Ms. Scanlon's OB-tech, whose testimony in turn revealed that her written complaint was motivated by her desire to avoid responsibility for her own actions. The hospital did not make any reasonable effort to investigate the OB-tech's allegations, nor were her allegations supported by any other witness' testimony or documentary evidence.

Ms. Scanlon spent almost her entire nursing career as an employee of Jeanes Hospital and had a strong emotional connection to her job and work environment. Following her termination plaintiff became severely distraught. She sought care from a physician at Jeanes Hospital, who prescribed Zoloft, and then from her family care physician, who prescribed Atavan. Ms. Scanlon was emotionally distressed from the time of her termination until April 2005, when she began a

search for employment. The jury found no failure to mitigate damages for this period for which Ms. Scanlon is entitled to compensatory damages under the PHRA.

Plaintiff is still mildly traumatized from her ordeal. She continues to experience occasional depression and sometimes requires prescription medication to relieve her symptoms.

## II.  Conclusions of Law

1. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

2. Because a jury has already found liability and awarded damages under the ADEA, only plaintiff's claim for compensation for pain and suffering under the PHRA is before the court.

3. Compensatory damages may be awarded under the PHRA.

4. Plaintiff's testimony was credible as to pain and suffering.

5. Plaintiff is entitled to recover additional damages under the PHRA in the amount of $40,000.00.

Judgment will be entered accordingly.

/s/ Norma L. Shapiro

S.J.

# APPENDIX I