**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUSAN SCANLON** | : | |
| **Plaintiff** | : | **NO. 06-2424** |
| | : | |
| **V.** | : | |
| | : | |
| **JEANES HOSPITAL** | : | |
| **a/k/a TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM** | : | |
| **Defendant** | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon the

consideration of Plaintiff's Petition For Attorney's Fees and Costs and any Response thereto, it is

hereby ORDERED AND DECREED that Plaintiff's Petition is GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff, Susan Scanlon, be awarded attorney's fees

in the amount of $116,690.00 and costs in the amount of $8,951.38, equaling the total sum of

$125,641.38, plus interest from the date of this Order.

_____
HONORABLE NORMA J. SHAPIRO

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN SCANLON** | : | |
| **Plaintiff** | : | **NO. 06-2424** |
| | : | |
| **v.** | : | |
| | : | |
| **JEANES HOSPITAL** | : | |
| **a/k/a TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM** | : | |
| **Defendant** | : | |
| | : | |

## PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS

Plaintiff, Susan Scanlon, hereby Petitions the Court for an award of attorney's fees and costs pursuant to the Age Discrimination in Employment Act, Pennsylvania Human Relations Act and the Pennsylvania Wage Payment Collection Law. Under the aforementioned statutes, a prevailing party is entitled to an award of attorney's fees and costs. 29 U.S.C. § 626(b) of the ADEA *incorporating* 29 U.S.C. § 216(b) of the FLSA;  43 P.S. § 962 of the PHRA; and, 43 P.S. § 260.9a(f) of the Pennsylvania Wage Payment Collection Law. In support of her Petition, Plaintiff relies upon the attached Memorandum of Law and Affidavit of William J. Fox, Esquire.

W.J.F. 2565
WILLIAM J. FOX, ESQUIRE
1417 Locust Street, 4th Floor
Philadelphia, Pa. 19102
(215) 546-6177
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUSAN SCANLON** | : | |
| **Plaintiff** | : | **NO. 06-2424** |
| | : | |
| **v.** | : | |
| | : | |
| **JEANES HOSPITAL** | : | |
| **a/k/a TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM** | : | |
| **Defendant** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS**

## I.  FACTS

Plaintiff, Susan Scanlon, commenced her discrimination claim against Defendant, Jeanes Hospital/Temple University Health System, (hereinafter "Jeanes") by filing a Complaint of Discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission in the March 31, 2005. On September 24, 2007, Ms. Scanlon's case was tried to a jury before the Honorable Norma Shapiro. After a six-day trial, the jury returned a verdict in favor of Ms. Scanlon on her claims under the Age Discrimination in Employment Act. Damages in the amount of $216,800.00 were assessed against Jeanes.  Ms. Scanlon submitted her claim for pain and suffering under the Pennsylvania Human Relations Act to the Court. On October 10, 2007, the Court awarded pain and suffering damages in the amount of $40,000.00 and final judgment of $256,800.00, plus post-judgment interest.  On October 11, 2007, the Clerk for Eastern District entered the final judgment on the docket.  Ms. Scanlon now seeks an award of attorney's fees and costs to compensate her for the legal struggle that has taken more than two and one-half years to reach this conclusion.

On February 2, 2005, Ms. Scanlon retained William J. Fox, Esquire, as counsel (hereinafter "Counsel"). Counsel has continued to represent Ms. Scanlon until the present. Counsel's undertaking on behalf of Ms. Scanlon has been entirely typical of the representation that is usually and customarily required in connection with the prosecution of employment discrimination claims. As set forth in the Affidavit of William J. Fox, Esquire, attached hereto as Exhibit A, the representation has included the following:

1.    Consulting with Ms. Scanlon to ascertain the details of her claim;

2.    Reviewing Ms. Scanlon's documents and materials related to her claim to develop an understanding of its merits;

3.    Performing legal research on the particular issues of Ms. Scanlon's claims;

4.    Attending an unemployment hearing to ascertain Jeanes' alleged reasons for terminating Ms Scanlon's employment;

5.    Preparing a Charge of Discrimination;

6.    Preparing for and attending a conciliation conference at the E.E.O.C.;

7.    Communicating with the E.E.O.C. employees;

8.    Drafting and filing Ms. Scanlon's federal court lawsuit;

9.    Preparing Rule 26 disclosures;

10.    Engaging in written discovery;

11.    Preparing for and attending the deposition of Ms. Scanlon;

12.    Preparing for and conducting 14 depositions of Jeanes' witnesses;

13.    Researching and preparing a response To Jeanes' Motion for Summary Judgment;

14.    Attending multiple pre-trial conferences;

15.    Researching and preparing responses to Jeanes' Motions In Limine;

16.     Preparing final trial submissions in accordance with the Court's Scheduling Order;

17.     Preparing for and trying the case to a jury;

18.     Preparing Plaintiff's Petition for Attorney's Fees and Costs and Post Trial Motion to Mold Verdict.

Plaintiff seeks attorney's fees in the amount of $116,690.00, representing 333.40 hours expended by William J. Fox, Esquire, at his hourly rate of $350.00. In addition, Ms. Scanlon seeks litigation costs in the amount of $8,951.38 As set forth in the Affidavit of William J. Fox, Esquire, Esquire, all fees and costs sought in this petition were reasonably and necessarily incurred in connection with the prosecution of Ms. Scanlon's claim, and were instrumental in her obtaining a favorable verdict.

## II.     ARGUMENT

Under both the Age Discrimination in Employment Act and Pennsylvania Human Relations Act and the Pennsylvania Human Relations Act, a prevailing party is entitled to an award of attorney's fees and costs. 29 U.S.C. § 626(b) *incorporating* 29 U.S.C. § 216(b) of the F.L.S.A.; 43 P.S. § 962 of the PHRA; and, 43 P.S. § 260.9a(f) of the Wage Payment Collection Law.  In this case, Ms. Scanlon is a prevailing party because she has secured an enforceable judgment on the merits.  Buckhannon Bd. And Care Home, Inc. v. West VA Dep't of Health and Human Res., 531 U.S. 1004, 149 L.Ed.2d 855, 121 S.Ct. 1835, 1840 (2001).

The party seeking an award of attorney's fees and costs bears the burden to prove that the request is reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court assesses the reasonableness of claimed attorney's fees by using the lodestar formula. Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). The lodestar formula is determined by

multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Maldonado, 256 F.3d at 184; citing, Hensley v. Eckerhart, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983).  The lodestar is presumed to yield a reasonable fee, however, the Court maintains discretion to adjust the lodestar upward or downward based upon the evidence submitted by the parties. Rode, 892 F.2d at 1183, James v. Norton, 176 F.Supp.2d 385, 395 (E.D. Pa. 2001).

### A.  Counsel's Requested Hourly Rate is Reasonable

The Court's function in determining a reasonable hourly rate is to assess the experience and skill of the prevailing party's attorney in comparison with the prevailing market rates in the relevant community for lawyers of reasonably comparable skill, experience, and reputation. Maldonado, 256 F.3d at 184.

Counsel's usual billing rate in civil rights matters is $350.00 per hour. In the Affidavit of William J. Fox, Esquire, he explains that his billing rate is based upon his more than ten years experience in litigating employment discrimination claims.

William J. Fox, Esquire was admitted to the bars of Pennsylvania and New Jersey in 1993. Since 1995, he has practiced mostly in the areas of civil rights and employment litigation.  Mr. Fox has litigated more than one hundred employment and civil rights cases.  More than ninety percent of these cases were successfully litigated to a settlement or verdict.  Mr. Fox has also litigated arbitrations, bench trials, and jury trials in the areas of employment law, civil rights, personal injury and commercial transactions.

Now in his fifteenth year of practice, he has tried approximately fifteen jury trials, and more than 75 bench trials and arbitrations - - a number that greatly exceeds the number of cases tried by the vast majority of his colleagues of equal experience.

In <u>Maldonado</u>, the Third Circuit approved the Community Legal Services, Inc. fee schedule as a fair reflection of the prevailing market rates in Philadelphia.  <u>Maldonado</u>, at 187-88. According to the fee schedule, attorneys with between 11 and 15 years of litigation experience typically earn between $240.00 and $300.00 per hour.  See, <u>Jordan v. CCH, Inc.</u>, 2002 WL 31255607 *4 (E.D. Pa. Oct. 7, 2002).  The fee schedule is entirely consistent with the hourly rate of $350.00 requested in this case.  Given the risk of litigating pretext discrimination cases and the delay in payment of fees, Mr. Fox is entitled to the higher hourly rate of $350.00 dollars.  Thus, Ms. Scanlon has met her burden of proving that her Counsel's hourly rate is reasonable.

**B.  The Time and Costs Expended on the Litigation are Reasonable**

A prevailing party may be awarded fees for work that is useful and the type ordinarily necessary to secure the final result obtained.  <u>Pub. Interest Res. Group of NJ, Inc. v. Windall</u>, 51 F.3d 1179, 1189 (3d Cir. 1995).  It is the Court's function to determine whether the time expended was reasonable in light of the work performed, and to exclude any excessive, redundant or unnecessary time. <u>Maldonado</u>, 256 F.3d at 184. The Court's role is limited to making reductions only in response to specific objections to the fees requested. <u>United States v. Eleven Vehicles</u>, 200 F.3d 203, 211-12 (3d Cir. 2000).

A review of the time and billing records demonstrates that the services performed by Counsel on behalf of Ms. Scanlon were useful and of the type ordinarily necessary to secure a final judgment. Moreover, the time expended resulted in Ms. Scanlon prevailing on the claims asserted in her complaint. Thus, it is unlikely that Jeanes will lodge any specific objection to the time expended by Counsel on this case. In the event that specific objections are raised, however, Counsel will address each such objection by Reply Memorandum.

Finally, the litigation costs expended by Ms. Scanlon are entirely typical of those required

in prosecuting an employment discrimination claim. The costs, all of which are itemized, include

filing and service fees, document reproduction costs, deposition transcript and videotape fees,

courier expenses and parking costs. The total costs, $8,951.38, constitute the considerable efforts

undertaken by Counsel to achieve a good result on behalf of Ms. Scanlon.  For instance,13 of the

14 defense witnesses deposed by Counsel were called as of cross in Plaintiff's case in chief.

   The total fees and costs requested amount less than 50% of the judgment obtained by Ms.

Scanlon. Viewed in this light, Mrs. Scanlon's request is far more reasonable than the award

granted in James v. Norton, 176 F.Supp. 385 (E.D. Pa. 2001), where the plaintiff received fees

and costs in excess of $84,000 on a jury verdict of just $25,000. See also, Jordan v. CCH, Inc.,

2002 WL 31255607 *4 (E.D. Pa. Oct. 7, 2002) (awarding fees and costs in the amount of

$219,000 on a jury award of $350,000). For these reasons, the time and costs expended on this

case were reasonable.

III. CONCLUSION

   The public policy underpinning all employment discrimination cases is to return the injured

employee to the position she would have occupied in the absence of the discrimination she

suffered. Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280

(1975).  To accomplish this purpose, it is essential that attorney's fees and costs be awarded in

addition to the money damages awarded by the jury. For the foregoing reasons, Ms. Scanlon

respectfully requests this Honorable Court to grant her Petition for Attorney's Fees and Costs and

to award her $116,690.00 in attorney's fees and $8,951.38 in costs.

   **WHEREFORE**, Plaintiff, Susan Scanlon, respectfully requests that the Court enter an

order granting Plaintiff's Petition For Attorney's Fees and Costs in the total amount of

$125,641.38.

Respectfully submitted,


  W.J.F. 2565
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney for Plaintiff
1417 Locust Street, 4th Floor
Philadelphia, PA 19102
(215) 546-2477

Date:   October 25, 2007

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUSAN SCANLON** | : | |
| **Plaintiff** | : | **NO. 06-2424** |
| | : | |
| **V.** | : | |
| | : | |
| **JEANES HOSPITAL** | : | |
| **a/k/a TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM** | : | |
| **Defendant** | : | |
| | : | |

**AFFIDAVIT OF WILLIAM J. FOX**

I, William J. Fox, Esquire, being duly sworn according to law, depose and say:

1.  I am an attorney at law. I have been licensed to practice in the Commonwealth of Pennsylvania and the State of New Jersey since 1993. I was admitted to the United States District Court for the Eastern District of Pennsylvania in 1993. In addition, I am admitted to the Third Circuit Court of Appeals and the U.S. District Court for the District of New Jersey.

2.  I have operated as a solo practitioner since November of 1994.  I am in my fourteenth year of private practice and currently maintain offices in Center City, Philadelphia and Haddonfield, New Jersey.

3.  I have focused most of my professional career on the areas of civil rights, employment and personal injury litigation.  Since 1996, most of my practice has focused on handling litigation matters in the areas of civil rights, with an emphasis in the field of employment discrimination. The remainder of my practice is focused on handling personal injury cases and small commercial litigation matters, including breach of contract actions and restrictive covenant matters.

4.  I have tried more than 90 arbitrations, bench trials and jury trials to conclusion, a number that greatly exceeds the number of cases tried by my colleagues of equal experience.  I

have tried approximately 15 jury trials to conclusion.  On behalf of my clients, I have achieved
considerable settlements and substantial jury awards.

7.  As a sole practitioner, it is my responsibility to set my own hourly rate. To arrive at my
hourly rate, I have had to familiarize myself with the hourly rates charged by other attorneys of
like skill and experience in the Philadelphia area. To this end, I have often discussed hourly rates
with my colleagues, both sole practitioners and members of law firms alike.

8.  It is my conclusion that attorneys of my skill and experience in the Philadelphia area
charge between $300.00 and $375.00 per hour.

9.  Over ninety-five percent of the cases I handle are contingent fee matters.  When
handling civil rights cases, my regular hourly rate is $350.00, a figure which I believe is
commensurate with my skills and experience.

10.  In addition, I have familiarized myself with the Community Legal Services fee
schedule for litigation attorneys in Philadelphia.  According to that fee schedule, attorneys with
between 11 and 15 years of litigation experience typically earn between $240.00 and $300.00 per
hour.  The fee schedule is entirely consistent with the hourly rate of $350.00 requested in this
case.  Given the risk of litigating pretext discrimination cases and the delay in payment of fees, I
am entitled to the higher hourly rate of $350.00.

11.  Ms. Susan Scanlon hired me to represent her on February 2, 2005.

12.  I insured that her administrative remedy was exhausted by filing a charge of
discrimination, preparing other administrative documents and attending a mediation.

13.  I have maintained contemporaneous time records for the services rendered on behalf
of Ms. Scanlon..

14.  The billing statement for Ms. Scanlon is attached hereto as Exhibit "B".

15.   The services rendered on behalf of Ms. Scanlon have been entirely typical of the representation that is usually and customarily required in connection with the prosecution of employment discrimination claims. The services include the following:

a.      Consulting with Ms. Scanlon to ascertain the details of her claim;

b.      Reviewing Ms. Scanlon's documents and materials related to her claim to develop an understanding of its merits;

c.      Performing legal research on the particular issues of Ms. Scanlon's claims;

e.      Attending unemployment hearings to ascertain Jeanes' alleged reasons for terminating Ms Scanlon's employment;

f.      Preparing a Charge of Discrimination;

g.      Preparing for and attending a mediation conference at the E.E.O.C.;

h.      Communicating with the E.E.O.C. employees;

i.      Drafting and filing Ms. Scanlon's federal court lawsuit;

j.      Preparing Rule 26 disclosures;

k.      Engaging in written discovery;

l.      Preparing for and attending the deposition of Ms. Scanlon;

m.      Preparing for and conducting 14 depositions of Jeanes' witnesses;

n.      Researching and preparing a response To Jeanes' Motion for Summary Judgment;

o.      Attending multiple pre-trial conferences;

p.      Researching and preparing responses to Jeanes' Motions In Limine;

q.      Preparing final trial submissions in accordance with the Court's Scheduling Order;

r.      Preparing for and trying the case to a jury;

s.      Preparing Plaintiff's Petition for Attorney's Fees and Costs and Post Trial Motion to Mold Verdict.

16.  In total, I have spent 333.40 hours of my time working on Ms. Scanlon's case.  The total time expended by me was reasonable in light of the nature and complexity of the case.

17.  When the lodestar is calculated by multiplying the total hours expended by my hourly rate of $350.00, the total fees sought are $116,690.00.

18.  The requested fees were reasonably and necessarily incurred in connection with the prosecution of Ms. Scanlon's claim, and were instrumental in her obtaining a verdict in her favor.

19.  The litigation costs expended on this matter are also typical of those required in prosecuting employment discrimination claims. The costs, all of which are itemized in the billing records, include filing and service fees, document reproduction costs, deposition transcript and videotape fees, printing trial exhibit books and demonstrative exhibits, courier expenses and parking costs. The total costs, $8,951.38, are typical of the type of costs expended in similar cases.

_  W. J. F. 2565                                         
WILLIAM J. FOX, ESQUIRE

# EXHIBIT "B"

*LAW OFFICES*

# WILLIAM J. FOX, P.C.

**Member PA & NJ Bar**

1417 Locust  Street, 4th Floor
Philadelphia, PA 19102
Tel: (215) 546-2477
Fax: (215) 546-4698
_____

**NJ OFFICE**

10 Grove Street
Haddonfield, NJ 08033
Tel: (856) 428-8668
Fax: (856) 428-6799

October 24, 2007

Ms. Susan Scanlon
18 Yarrow Way
Langhorne, PA 19047

**Re:    Susan Scanlon v. Jeanes Hospital**
**Attorney's Fees & Costs of Litigation**

| DATE | TASK | TIME |
|------|------|------|
| **2005** | | |
| 1-26 | Initial consultation | 1.20 |
| 1-27 | Letter to client regarding fee agreement. | .80 |
| 3-3 | Consultation w/ client regarding claims and unemployment comp. hearing<br>Letter to unemployment referee | 2.30 |
| 3-15 | Consultation w/ client re. unemployment comp.<br>Letter to Unemployment Comp. Serv. Center | .80 |
| 3-31 | Client Consult, Prepare Charge of Discrimination | 2.60 |
| 4-1 | Prepare Dual File Form, ltr. To client | .40 |
| 4-20 | Respond to EEOC Questionnaires | 3.30 |
| 5-11 | Client consult, prep for U.C. hearing | 2.70 |
| 5-12 | Prepare for and attend U.C. hearing | 3.30 |
| 6-24 | Letter to Unemployment Referee | .20 |

| | | |
|---|---|---|
| 10-20 | Review letter from EEOC, tel. conf. Client | .30 |
| 11-3 | Review file, Client consult prepare for EEOC Mediation | 3.30 |
| 11-4 | Attend Mediation | 4.50 |

**TOTAL TIME 2005:      25.7 hours**

**2006**

| | | |
|---|---|---|
| 2-28 | Review  Jeanes' response to Charge of Discrimination Client consult | 2.90 |
| 3-1 | Letter to EEOC requesting right to sue | .20 |
| 4-24 | Review file, Prepare Complaint, letter to client | 2.70 |
| 6-8 | Client consult, prepare final draft of complaint and file | .90 |
| 8-18 | Review Answer to Complaint/Client consult | 1.50 |
| 9-6 | Review Court's August 28, 2006 Pretrial Conf. Order | .80 |
| 10-26 | Letter to Clerk - File Return of Service | .20 |
| 10-31 | Client Consult, prepare Rule 26 Disclosures letter to Mr. Rappoport | 2.40 |
| 11-8 | Review Defendant's Initial Disclosures Client consult | 1.80 |
| 11-13 | Review file, Rule 16 Conference | 1.70 |
| 11-17 | Prepare and send Interrogatories and Request To Produce to Defendants | 3.30 |
| 11-21 | Review Defendant's Written Discovery, Letter to client and PHRC | 1.40 |
| 11-30 | Client consult to review Defendant's written discovery | 2.70 |

**TOTAL TIME 2006:      22.5 hours**

**2007**

| | | |
|---|---|---|
| 1-5 | Tel. conf. w/ opposing counsel, Complete Plaintiff's Answers To Defendant's Written Discovery, Letter to Mr. Rappoport | 2.70 |
| 1-10 | Review Defendant's Responses to Plaintiff's Written Discovery, Letter to Mr. Rappoport | 1.10 |
| 1-11 | Review file and Defendant's discovery, tel. conf. w/ and letters to Mr. Rappoport | 2.30 |
| 1-17 | Review faxed letter of Mr. Rappoport | .40 |
| 1-23 | Review letter of Mr. Rappoport | .20 |
| 1-26 | Review several letters from Mr. Rappoport and Defendant's written responses to Plaintiff's discovery | 1.80 |
| 1-29 | Review Confidentiality Stipulation, Letter to to oppos. counsel | .40 |
| 1-30 | Review letter from Mr. Rappoport | .20 |
| 1-31 | Letter to Mr. Rappoport | .30 |
| 2-1 | Client consult to prepare for deposition, several letters to Mr. Rappoport w/ notices of deposition | 4.90 |
| 2-2 | Client consult.  Attend deposition of client. Prepare for Defense witnesses' deposition | 6.10 |
| 2-6 | Deposition prep, client consult | 5.30 |
| 2-7 | Conduct depositions of Neil Isdaner, James Makowski Aileen Bilyak and Elizabeth Welsh, Client consult | 10.40 |
| 2-8 | Draft and file Motion to Extend Discovery Deadline; Conduct depositions of Susanne Wacker, Denise Frasca Anne Kane, Kathleen Haviland and Christine Morrell, Client consult | 9.70 |
| 2-9 | Prepare subpoena and letter to Jim Airoldi, M.D. Letter to Mr. Rappoport | .80 |

| | | |
|---|---|---|
| 2-12 | Prepare supplemental production of documents in response to Defendant's discovery request, letter to Mr. Rappoport | .30 |
| 2-15 | Review letters of Mr. Rappoport, Letter to Mr. Rappoport | .20 |
| 2-16 | Letter to economic expert Andrew Verzilli w/ tax and pension records, letter to client | .60 |
| 2-22 | Letter to Mr. Rappoport w/ Notices of Deposition | .30 |
| 3-5 | Client consult, deposition preparation | 1.50 |
| 3-6 | Conduct depositions of Eve Brog, Elizabeth Donahue, James Airoldi and Carol Hertkorn | 4.50 |
| 3-8 | Consult w/ economic expert | .50 |
| 3-9 | Letter to Mr. Rappoport regarding requests for supplemental discovery | .30 |
| 3-12 | Draft of Pretrial Memorandum, client consult | 5.60 |
| 3-13 | Complete and file Pretrial Memorandum, letter to Court, letters to Mr. Rappoport containg Pretrial Memorandum and Plaintiff's economic expert report | 3.50 |
| 3-21 | Letter to client | .20 |
| 3-26 | Letter to court reporter paying for deposition transcripts Letter to client regarding costs of litigation | .30 |
| 3-28 | Copies of transcripts sent to client | .20 |
| 3-29 | Review letter from Mr. Rapport and salary scale for nurses employed by Defendant | .20 |
| 4-4 | Review Defendant's Motion for Summ. Judg. | 1.50 |
| 4-12 | Review Correspondence of Mr. Rappoport, tel. conf. w/ Court | .40 |
| 4-10 | Letter to client regarding costs | .20 |

| | | |
|---|---|---|
| 4-12 | Prepare first draft of Affidavit of Plaintiff<br>Review Discovery & Depositions for response<br>to Motion for Summ. Judg.  Review letter of<br>Mr. Rappoport to Court, tel. conf. w/ Court | 6.90 |
| 4-13 | Review depositions, begin draft of Counter<br>Statement of Facts of Response To Mot Summ Judg. | 6.30 |
| 4-16 | Client consult - finish Affidavit, Review depositions,<br>Prepare response to Motion For Summ Judg. | 12.50 |
| 4-17 | Research law; Response Mot. Summ Judg. | 14.30 |
| 4-18 | Finish and file Response to Mot. Summ Judg.  Prepare<br>Exhibits and take to printer; ltrs. to Court<br>and Def. Counsel | 11.50 |
| 4-19 | Client consult; prepare for oral argument, prepare<br>Stipulation of Facts, letters to Mr. Rappoport | 3.10 |
| 4-20 | Attend oral argument and settlement conf. | 2.50 |
| 4-23 | Letter to Mr. Rappoport requesting that Defendant<br>produce fact witnesses in Defendant's control, Letter<br>to Court w/ copy of Plaintiff's Economic Report | .70 |
| 4-24 | Letter to Mr. Rappoport | .20 |
| 4-30 | Prepare and file Plaintiff's Amended Exhibit List | 1.20 |
| 5-10 | Tel. conf. w/ Theresa Zechman, Esquire, regarding<br>witnesses | .20 |
| 5-17 | Review letter from Ms. Zechman regarding witnesses<br>and documents.  Prepare subpoenas and arrange for<br>service | 1.20 |
| 5-21 | Letter to client w/ Delivery Room Register | .20 |
| 5-22 | Letter to Mr. Rappoport requesting witness addresses | .20 |
| 5-23 | Letter to Mr. Rappoport regarding trial depositions | .20 |
| 5-24 | Prepare subpoenas for Ms. Wacker, Ms. Frasca and Ms.<br>Donahue.  Letter to Mr. Rappoport | .70 |

| | | |
|---|---|---|
| 5-31 | Letter to Mr. Rappoport w/ copies of subpoenas, letters to witnesses, Ms. Morrell and Ms. Brog scheduling trial depositions | .70 |
| 6-7 | Letter to Ms. Morrell and Ms. Brog regarding trial depositions | .30 |
| 6-14 | Review depositions of Eve Brog and Christine Morrel Prepare examinations | 1.50 |
| 6-15 | Attend and conduct Videotape Trial Deposition of Christine Morrel and Eve Brog | 2.30 |
| 6-18 | Client consult; attend settlement conf.; review motions in limine; Review Pleadings and File | 7.80 |
| 6-19 | Trial prep; tel. conf w/ Court rescheduling trial, Letter to Court | 2.80 |
| 7-10 | Client consult, Letter to Mr. Rappoport regarding arbitration | 1.70 |
| 7-16 | Letter to client regarding costs | .30 |
| 7-17 | Letters to all subpoenaed witnesses informing them of new trial date | .80 |
| 7-18 | Research and Prepare Responses To Defendant's Motions in Limine | 6.30 |
| 9-11 | Review Mr. Rappoport's letter and tel. conf. | .30 |
| 9-17 | Review Defendant's Motion For Summ Judg. and Plaintiff's Response; Research and Prepare Plaintiff's Proposed Jury Instructions | 7.50 |
| 9-18 | Review Pleadings; Prepare and mark Plaintiff's Exhibits for Printer. | 4.80 |
| 9-19 | Review Plaintiff's deposition, Prepare Plaintiff's direct exam, Review Wacker Depositon, prepare examination; Review Defendant's Amended Exhibit List; Tel. Conf. With Defense Counsel | 7.80 |
| 9-20 | Client consult - review trial strategy, exhibits, order | |

|  |  |  |
|---|---|---|
|  | of witnesses; Review transcripts of Haviland, Welsh, Frasca, prepare examinations | 13.70 |
| 9-21 | Review transcripts Hertkorn, Isdaner, Bilyak, Airoldi - prepare examinations, prepare Proposed Voir Dire, complete jury instructions | 9.50 |
| 9-23 | Prep Plaintiff, Draft opening, review motions in limine, finalize trial notebook, organize file, prepare economic expert exam; Designate five exhibits to be blown-up | 11.20 |
| 9-24 | Argue Motions, Pick jury, Trial prep, consult w/ economic expert, Mr. Verzilli | 12.50 |
| 9-25 | Trial prep, trial | 12.50 |
| 9-26 | Trial prep, trial | 11.50 |
| 9-27 | Trial prep, trial, prepare closing argument | 13.50 |
| 9-28 | Trial prep, trial and settlement negotiations | 10.50 |
| 9-29 | Research issue raised by Court re Hazen Paper Co. | 2.20 |
| 10-1 | Trial | 4.50 |
| 10-3 | Review Plaintiff's Trial Exhibits P-31 and P-32, letter to Court, letter to client | 1.30 |
| 10-11 | Review Court's October 10, 2007 Opinion Letter to client | .90 |
| 10-15 | Client consult | .40 |
| 10-24 | Prepare Fee Petition & Post Trial Motion For Prejudgment Interest | 7.30 |

**TOTAL TIME 2007:**       **285.20 hours**


**TOTAL TIME:**       **333.4 @ $350.00/hour = $116,690.00**

## COSTS

| | |
|---|---|
| Complaint Filing Fee | $350.00 |
| Deposition Transcripts (Strehlow & Associates) | $3,259.74 |
| Deposition Transcripts (Brusilow & Associates) | $495.00 |
| Andrew Verzilli          Economic Report | $750.00 |
|                                 Fee to Testify At Trial | $1,500.00 |
| Cab Fare & Parking during Trial | $52.00 |
| Kinkos (Costs to blow-up exhibits) | $184.00 |
| DPI Printing (Costs to Print and Prepare Exhibit Books) | $270.00 |
| Legal Beagle (Costs to Serve Complaint, Subpoenas and | |
|                    Courier Services) | $1,205.64 |
| Witness Fees | $885.00 |

**TOTAL COSTS**          **$8,951.38**

**TOTAL FEES & COSTS**    **$125,641.38**

**CERTIFICATE OF SERVICE**

I, William J. Fox, Esquire, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing Petition For Attorney's Fees and Costs was served upon counsel for Defendant electronically and by regular mail on October 25, 2007 at the address below:

Larry J. Rappoport, Esquire
Stevens & Lee
620 Freedom Business Center
P.O. Box 62330, Suite 200
King of Prussia, PA 19406

W.J.F. 2565
WILLIAM J. FOX, ESQUIRE