UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN SCANLON : | |
|     Plaintiff : | NO. 06-2424 |
| : | |
| V. : | |
| : | |
| JEANES HOSPITAL : | |
| a/k/a TEMPLE UNIVERSITY : | |
| HEALTH SYSTEM : | |
|     Defendant : | |
| : | |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon consideration of Plaintiff's Post Trial Motion To Mold Verdict To Include Prejudgment Interest and any Response thereto, it is hereby ORDERED AND DECREED that Plaintiff's Motion is GRANTED, the verdict is molded to include pretrial judgment interest in the amount of $16,566.92.

IT IS FURTHER ORDERED THAT the verdict shall be molded to equal $273,366.92, plus post judgment interest.

_____
HONORABLE NORMA J. SHAPIRO

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN SCANLON | : | |
|     Plaintiff | : | NO. 06-2424 |
| | : | |
| v. | : | |
| | : | |
| JEANES HOSPITAL | : | |
| a/k/a TEMPLE UNIVERSITY | : | |
| HEALTH SYSTEM | : | |
|     Defendant | : | |

**PLAINTIFF'S POST TRIAL MOTION TO MOLD VERDICT
TO INCLUDE PREJUDGMENT INTEREST**

1. On October 1, 2007, the Jury entered a verdict in favor of Plaintiff for back pay in the amount of $176,800.00.

2. "The Third Circuit has stated that there is 'a strong presumption in favor of awarding prejudgment interest, except where the award would result in unusual inequities.'" O'Neill v. Sears, Roebuck & Co., 108 F.Supp.2d 443, 444 (E.D. Pa. 2000) *quoting* Booker v. Taylor Milk Co., Inc., 64 F.3d 860, 868 (3d Cir. 1995).

3. The purpose of molding verdicts to include prejudgment interest in cases brought under the ADEA is to comply with the statue's goal of making the Plaintiff "whole" and to award the prevailing plaintiff compensation for the loss of the "time value of money."  In other words, the loss of interest Plaintiff would have earned on the wages she would have received had she remained employed from the date of her termination, January 5, 2005, until the date the judgment for back pay was entered on the docket, October 11, 2007. " O'Neill v. Sears, Roebuck & Co., 108 F.Supp.2d at 445.  *See also* Starceski v. Westinghouse Electric Corp., 54 F.3d 1089, 1101-03 (3d Cir. 1995).

4. The basis of the calculation is to divide the back pay, $176,800.00, by the number of

months that have elapsed since Ms. Scanlon's termination, 33 months, which equals $5,357.58. We then multiply $5,357.58 by 12 to ascertain her annual loss back pay, which equals $64,290.96. Thus prejudgment interest is as follows:

    a. January 5, 2005 through January 5, 2006 ($64,290.96 * 4.37% = $2,809.51)

    b. January 5, 2006 through January 5, 2007 (64,290.96 + 64,290.96 = 128,581.92 * 5.0% = $6,429.10

    c. January 5, 2007 through October 11, 2007 (128,581.92 + 49,289.74 = 177,871.66 * 4.12 % = $7,328.31.

In determining rates, Plaintiff used the end of the year post judgment interest rates for 2005 and 2006 *See* O'Neill at 446. For the calculation of prejudgment interest in the present year, Plaintiff utilized the post judgment interest rate applicable to the date final judgment was entered, October 11, 2007. Present year back pay was calculated at 9 months 6 days, equaling $49,289.74.

    5. Total prejudgment interest consists of: $2,809.51 + $6,429.10 + $7,328.31 = $16,566.92.

    6. The back pay calculation should be molded to equal $193,366.92.

    7. The total award should be molded to equal $273,366.92, plus post judgment interest.

**WHEREFORE,** Plaintiff, Susan Scanlon, respectfully requests that the Court mold the verdict to include prejudgment interest for a total amount of $273,366.92.

                                    Respectfully submitted,

                                    W.J.F. 2565
                                    WILLIAM J. FOX, ESQUIRE
                                    1417 Locust Street, 4th Floor
                                    Philadelphia, Pa. 19102
                                    (215) 546-6177
                                    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

    I, William J. Fox, Esquire, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing Post Trial Motion was served upon counsel for Defendant electronically and by regular mail on October 25, 2007 at the address below:

Larry J. Rappoport, Esquire
Stevens & Lee
620 Freedom Business Center
P.O. Box 62330, Suite 200
King of Prussia, PA 19406

                                                                 W.J.F. 2565
                                                WILLIAM J. FOX, ESQUIRE