**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUSAN SCANLON** | : | |
| **Plaintiff** | : | **NO. 06-2424** |
| | : | |
| **V.** | : | |
| | : | |
| **JEANES HOSPITAL** | : | |
| **a/k/a TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM** | : | |
| **Defendant** | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2008, upon the consideration of Plaintiff's Supplemental Petition For Attorney's Fees and Costs and any Response thereto, it is hereby ORDERED AND DECREED that Plaintiff's Supplemental Petition is GRANTED.

IT IS FURTHER ORDERED THAT Plaintiff, Susan Scanlon, be awarded additional attorney's fees in the amount of $15,540.00 and additional costs in the amount of $592.00 equaling the total sum of $16,132.00, plus interest from the date of this Order.

_____
HONORABLE NORMA J. SHAPIRO

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN SCANLON** | : | |
| **Plaintiff** | : | **NO. 06-2424** |
| | : | |
| **v.** | : | |
| | : | |
| **JEANES HOSPITAL** | : | |
| **a/k/a TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM** | : | |
| **Defendant** | : | |
| | : | |

## PLAINTIFF'S SUPPLEMENTAL PETITION
## FOR ATTORNEY'S FEES AND COSTS

Plaintiff, Susan Scanlon, hereby Petitions the Court for a supplemental award of attorney's fees and costs pursuant to the Age Discrimination in Employment Act, Pennsylvania Human Relations Act and the Pennsylvania Wage Payment Collection Law. Under the aforementioned statutes, a prevailing party is entitled to an award of attorney's fees and costs. 29 U.S.C. § 626(b) of the ADEA *incorporating* 29 U.S.C. § 216(b) of the FLSA; 43 P.S. § 962 of the PHRA; and, 43 P.S. § 260.9a(f) of the Pennsylvania Wage Payment Collection Law. In support of her Supplemental Petition, Plaintiff relies upon the attached Memorandum of Law and Affidavit of William J. Fox, Esquire.

W.J.F. 2565

WILLIAM J. FOX, ESQUIRE
1417 Locust Street, 4th Floor
Philadelphia, Pa. 19102
(215) 546-6177
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SUSAN SCANLON** : | |
| **Plaintiff** : | **NO. 06-2424** |
| : | |
| **v.** : | |
| : | |
| **JEANES HOSPITAL** : | |
| **a/k/a TEMPLE UNIVERSITY** : | |
| **HEALTH SYSTEM** : | |
| **Defendant** : | |
| : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## SUPPLEMENTAL PETITION FOR ATTORNEY'S FEES AND COSTS

### I. INCORPORATION

Plaintiff hereby incorporates the facts and law set forth in her initial Memorandum of

Law In Support Of Plaintiff's Petition For Attorney's Fees and Costs as though same were set

forth at length herein.

### II. FACTS

Following a verdict and judgment in favor of Plaintiff, Susan Scanlon, Defendant filed a

lengthy Post-Trial Motion seeking judgment notwithstanding the verdict and/or a new trial.  On

November 16, 2007, Plaintiff filed a comprehensive response.  Before responding, Plaintiff's

counsel was required to purchase trial transcript and cite to the record in her Response.  In

addition, Plaintiff's counsel was required to review evidence and conduct legal research.  On

January 23, 2008, the Honorable Norma L. Shapiro entered an Order, supported by an Opinion,

denying Defendant's Post-Trial Motions.  As such, Plaintiff is the prevailing party at the post-

trial stage and, therefore, is entitled to an award of attorney's fees and costs.

In Plaintiff's initial Petition For Attorney's Fees, she sought fees in the amount of

$116,690.00 and costs in the amount of $8,951.38.  Plaintiff seeks to supplement the initial fee

petition to include work performed by William J. Fox, Esquire, to respond to Defendant's Post-

Trial Motions.  Plaintiff seeks additional fees in the amount of $15,540.00 and costs in the

amount of $592.00 for a total amount of $16,132.00.   All fees and costs sought in this

supplemental petition were reasonably and necessarily incurred in connection with the

prosecution of Ms. Scanlon's claim, and were instrumental in defending her verdict.

### III.  ARGUMENT

Under both the Age Discrimination in Employment Act and Pennsylvania Human Relations

Act and the Pennsylvania Human Relations Act, a prevailing party is entitled to an award of

attorney's fees and costs. 29 U.S.C. § 626(b) *incorporating* 29 U.S.C. § 216(b) of the F.L.S.A.;

43 P.S. § 962 of the PHRA; and, 43 P.S. § 260.9a(f) of the Wage Payment Collection Law.  In

this case, Ms. Scanlon is a prevailing party because she has secured an enforceable judgment on

the merits.  Buckhannon Bd. And Care Home, Inc. v. West VA Dep't of Health and Human Res.,

531 U.S. 1004, 149 L.Ed.2d 855, 121 S.Ct. 1835, 1840 (2001).

The party seeking an award of attorney's fees and costs bears the burden to prove that the

request is reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court

assesses the reasonableness of claimed attorney's fees by using the lodestar formula. Maldonado

v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). The lodestar formula is determined by

multiplying the number of hours reasonably expended on the litigation by a reasonable hourly

rate. Maldonado, 256 F.3d at 184; citing, Hensley v. Eckerhart, 461 U.S. 424, 76 L.Ed.2d 40, 103

S.Ct. 1933 (1983).  The lodestar is presumed to yield a reasonable fee, however, the Court

maintains discretion to adjust the lodestar upward or downward based upon the evidence

submitted by the parties. Rode, 892 F.2d at 1183, James v. Norton, 176 F.Supp.2d 385, 395 (E.D.

Pa. 2001).

### A. Counsel's Requested Hourly Rate is Reasonable

The Court's function in determining a reasonable hourly rate is to assess the experience and skill of the prevailing party's attorney in comparison with the prevailing market rates in the relevant community for lawyers of reasonably comparable skill, experience, and reputation. Maldonado, 256 F.3d at 184.

Counsel's usual billing rate in civil rights matters is $350.00 per hour. In the Supplemental Affidavit of William J. Fox, Esquire, he explains that his billing rate is based upon his more than ten years experience in litigating employment discrimination claims. (See Supplemental Affidavit attached hereto as Exhibit "A".)

William J. Fox, Esquire was admitted to the bars of Pennsylvania and New Jersey in 1993. Since 1995, he has practiced mostly in the areas of civil rights and employment litigation.  Mr. Fox has litigated more than one hundred employment and civil rights cases.  More than ninety percent of these cases were successfully litigated to a settlement or verdict.  Mr. Fox has also litigated arbitrations, bench trials, and jury trials in the areas of employment law, civil rights, personal injury and commercial transactions.

Now in his fifteenth year of practice, he has tried approximately fifteen jury trials, and more than 75 bench trials and arbitrations - - a number that greatly exceeds the number of cases tried by the vast majority of his colleagues of equal experience.

In Maldonado, the Third Circuit approved the Community Legal Services, Inc. fee schedule as a fair reflection of the prevailing market rates in Philadelphia.  Maldonado, at 187-88. According to the fee schedule, attorneys with between 11 and 15 years of litigation experience typically earn between $240.00 and $300.00 per hour.  See, Jordan v. CCH, Inc., 2002 WL

31255607 *4 (E.D. Pa. Oct. 7, 2002).  The fee schedule is entirely consistent with the hourly rate

of $350.00 requested in this case.  Given the risk of litigating pretext discrimination cases and the

delay in payment of fees, Mr. Fox is entitled to the higher hourly rate of $350.00 dollars.  Thus,

Ms. Scanlon has met her burden of proving that her Counsel's hourly rate is reasonable.

### B.  The Time and Costs Expended on the Litigation are Reasonable

A prevailing party may be awarded fees for work that is useful and the type ordinarily

necessary to secure the final result obtained.  Pub. Interest Res. Group of NJ, Inc. v. Windall, 51

F.3d 1179, 1189 (3d Cir. 1995).  It is the Court's function to determine whether the time

expended was reasonable in light of the work performed, and to exclude any excessive,

redundant or unnecessary time.  Maldonado, 256 F.3d at 184. The Court's role is limited to

making reductions only in response to specific objections to the fees requested. United States v.

Eleven Vehicles, 200 F.3d 203, 211-12 (3d Cir. 2000).

A review of the time and billing records demonstrates that the services performed by Counsel

on behalf of Ms. Scanlon were useful and of the type ordinarily necessary to defend a verdict and

judgment. (See Billing Statement attached hereto as Exhibit "B".)  Moreover, the time expended

resulted in Ms. Scanlon successfully defending her verdict.

Finally, the supplemental litigation costs expended by Ms. Scanlon are entirely typical of

those required in defending post-trial motions in an employment discrimination claim. The costs,

all of which are itemized, include transcript and printing costs.  The total supplemental costs,

$592.00, constitute the considerable efforts undertaken by Counsel to achieve a good result on

behalf of Ms. Scanlon.

For these reasons, the time and costs expended on this case were reasonable.

**III. CONCLUSION**

The public policy underpinning all employment discrimination cases is to return the injured employee to the position she would have occupied in the absence of the discrimination she suffered. <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 405, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975).  To accomplish this purpose, it is essential that attorney's fees and costs be awarded in addition to the money damages awarded by the jury. For the foregoing reasons, Ms. Scanlon respectfully requests this Honorable Court to grant her Supplemental Petition for Attorney's Fees and Costs and to award her $15,540.00 in attorney's fees and $592.00 in costs.

**WHEREFORE**, Plaintiff, Susan Scanlon, respectfully requests that the Court enter an order granting Plaintiff's Supplemental Petition For Attorney's Fees and Costs in the total amount of $16,132.00.

Respectfully submitted,

 W.J.F. 2565
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney for Plaintiff
1417 Locust Street, 4th Floor
Philadelphia, PA 19102
Date:   February 7, 2008          (215) 546-2477

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN SCANLON** | : | |
| **Plaintiff** | : | **NO. 06-2424** |
| | : | |
| **V.** | : | |
| | : | |
| **JEANES HOSPITAL** | : | |
| **a/k/a TEMPLE UNIVERSITY** | : | |
| **HEALTH SYSTEM** | : | |
| **Defendant** | : | |
| | : | |

### SUPPLEMENTAL AFFIDAVIT OF WILLIAM J. FOX

I, William J. Fox, Esquire, being duly sworn according to law, depose and say:

1. I incorporate by reference my Affidavit which was attached to Plaintiff's initial Petition For Attorneys' Fees and Costs as though the information contained therein were fully set forth at length herein.

2. In responding to Defendant's Post-Trial Motion, I have spent 44.40 hours of my time working on Ms. Scanlon's case. The total time expended by me was reasonable in light of the nature and length of Defendant's Post-Trial Motion. I was required to read the trial transcript; cite to the record; perform legal research, write a brief and prepare a substantial exhibit booklet to support Plaintiff's Response to Defendant's Post-Trial Motions.

3. When the lodestar is calculated by multiplying the total hours expended by my hourly rate of $350.00, the total fees sought are $15,540.00.

4. The requested fees were reasonably and necessarily incurred in connection with the prosecution of Ms. Scanlon's claim, and were instrumental in her defending her verdict.

5. The litigation costs expended on this matter are also typical of those required in responding to post-trial motions. The costs, all of which are itemized in the billing records,

include the costs of purchasing the trial transcript and exhibit booklet printing costs.  The total

costs, $592.00, are typical of the type of costs expended in similar cases.


    W. J. F. 2565

WILLIAM J. FOX, ESQUIRE

Date: February 7, 2008

# EXHIBIT "B"

*LAW OFFICES*

# WILLIAM J. FOX, P.C.

1417 Locust  Street, 4ᵗʰ Floor

Philadelphia, PA 19102

Tel: (215) 546-2477

Fax: (215) 546-4698

_____

**Member PA & NJ Bar**

**NJ OFFICE**

10 Grove Street

Haddonfield, NJ 08033

Tel: (856) 428-8668

Fax: (856) 428-6799

February 7, 2008

Ms. Susan Scanlon
18 Yarrow Way
Langhorne, PA 19047

> **Re:   Susan Scanlon v. Jeanes Hospital**
> **Attorney's Fees & Costs of Litigation(Post-Trial)**

| DATE | TASK | TIME |
|------|------|------|
| **2007** | | |
| 10-31 | Letter to Court requesting extension of time to respond to Defendant's Post-trial motion | .20 |
| 11-6 | Review and research Defendant's Post-trial motion | 2.30 |
| 11-12 | Research and respond to Defendant's post-trial motion | 1.80 |
| 11-13 | Review trial transcripts | 7.50 |
| 11-14 | Prepare draft of facts | 6.0 |
| 11-15 | Prepare exhibits and draft of Response | 9.70 |
| 11-16 | Complete Response and file | 13.50 |
| 1-23-08 | Review Court's Opinion, Client Conf.  Ltr. To client | 1.80 |
| 2-6-08 | Prepare Supplement Fee Petition | 1.60 |
| | | 44.40 |

**TOTAL TIME:      44.4 hrs. @ $350.00/hr      $15,540.00**

### COSTS

Trial Transcripts (Approx. 900 pages)                                        $428.00

Kinkos (Exhibit Printing and Velobind Costs for exhibits
attached to Response To Post Trial Motion)                                   $164.00


**TOTAL COSTS**          **$592.00**

**TOTAL FEES & COSTS**   **$16,132.00**

**CERTIFICATE OF SERVICE**

I, William J. Fox, Esquire, attorney for Plaintiff, hereby certify that a true and correct copy of the foregoing Petition For Attorney's Fees and Costs was served upon counsel for Defendant electronically and by regular mail on February 7, 2008 at the address below:

Larry J. Rappoport, Esquire
Stevens & Lee
620 Freedom Business Center
P.O. Box 62330, Suite 200
King of Prussia, PA 19406

_____W.J.F. 2565_____
WILLIAM J. FOX, ESQUIRE